UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COOPERSVILLE MOTORS, INC. and
ROBERT L. ANDERSON,

    Plaintiffs and Counter-Defendants,

v.

FEDERATED MUTUAL INSURANCE
COMPANY,

    Defendant and Counter-Plaintiff

and

FEDERATED MUTUAL INSURANCE
COMPANY,

    Third-Party Plaintiff,

v.

TERRY KRAKER and CORY YOST,

    Third-Party Defendants.
                                        /

File No. 1:09-CV-1110

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This insurance coverage dispute is before the Court on a motion for summary judgment filed by Defendant/Counter-Plaintiff/Third-Party Plaintiff Federated Mutual Insurance Company. (Dkt. No. 19.) Third-Party Defendants Terry Kraker and Cory Yost concur in Federated's motion. (Dkt. No. 20.) Plaintiffs/Counter-Defendants Coopersville

Motors, Inc. and Robert L. Anderson have filed a response in opposition to Federated's motion. (Dkt. Nos. 22, 23.) For the following reasons, Federated Mutual Insurance Company's motion will be granted in part and denied in part.

I.

On March 19, 2007, Federated issued a commercial policy of insurance to Coopersville Motors, Inc. ("Coopersville Motors"). Plaintiff Anderson, the Dealer Principal for Coopersville Motors from March 15, 2007, to November 14, 2007, negotiated the purchase of the insurance. (Dkt. No. 23, Sch. C, Anderson Aff. ¶¶ 1, 3.) The policy includes a Commercial Crime Coverage endorsement which provides coverage for employee theft:

> Coverage is provided under the following Insuring Agreements for which a Limit of Insurance is shown in the Declarations and applies to loss that you sustain resulting directly from an "occurrence" taking place during the Policy Period shown in the Declarations, . . . which is "discovered" by you during the Policy Period shown in the Declarations or during the period of time provided in the Extended Period To Discover Loss . . . :
>
> **1. Employee Theft**
>
> We will pay for loss of or damage to "money", "securities" and other property" resulting directly from "theft" committed by an "employee", whether identified or not, acting alone or in collusion with other persons.
>
> For the purposes of this Insuring Agreement, "theft" shall also include forgery.

(Dkt. No. 19, Ex. B, Commercial Crime Coverage Form § A(1), Page ID#510.)

The Crime Coverage endorsement contains a two-year time limitation period to bring a legal action:

2

> You may not bring any legal action against us involving loss:
>
> (1) Unless you have complied with all the terms of this insurance;
> (2) Until 90 days after you have filed proof of loss with us; and
> (3) Unless brought within 2 years from the date you "discovered" the loss.
>
> If any limitation in this Condition is prohibited by law, such limitation is amended so as to equal the minimum period limitation provided by such law.

(*Id.* at § E(i), Page ID#515-16). The policy defines "discovered" to mean "the time when you first become aware of facts which would cause a reasonable person to assume that a loss of a type covered by this insurance has been or will be incurred, . . . even though the exact amount or details of loss may not then be known." (*Id.* at § F(4), Page ID#521.)

In early April, 2007, during the policy period, Plaintiffs discovered the alleged dishonest acts of employees Terry Kraker and Cory Yost. (Dkt. No. 19, Ex. E, Apr. 6, 2007 letter; Anderson Aff. ¶ 4.) Plaintiffs immediately contacted Federated to report their discovery of the alleged dishonest acts by Kraker and Yost. (Anderson Aff. ¶ 4; Counterclaim ¶ 39.) On October 7, 2009, Plaintiffs submitted two "Proof of Loss Under Employee Dishonesty Coverage" forms to Federated, indicating that on March 19, 2007, Kraker and Yost converted assets of Coopersville Motors in the amount of $391,068.00. (Dkt. No. 1, Compl. Sch. A, B.) Federated denied coverage.

On December 8, 2009, Plaintiffs filed this action against Federated, alleging claims for breach of contract, fraudulent misrepresentation, innocent misrepresentation, violation of Mich. Comp. Laws § 500.2006, exemplary damages, and promissory estoppel. Federated filed a Counter-Claim against Plaintiffs to obtain a determination that there is no coverage

for the claims made by Plaintiffs. (Dkt. No. 9.) Federated also filed a Third-Party Complaint against Kraker and Yost. (Dkt. No. 10.) Federated filed this motion for summary judgment on the basis that Plaintiffs' claims are time-barred. In the alternative, Federated seeks partial summary judgment against Plaintiff Anderson on the basis that he lacks standing to sue.

## II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If Defendants carry their burden of showing there is an absence of evidence to support a claim, Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such

that a reasonable jury could return a verdict for Plaintiff. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

**III.**

Federated seeks summary judgment in its favor on the basis that Plaintiffs' claims are contractually barred by the two-year limitation period for bringing a legal action.

There is no dispute that Plaintiffs discovered the loss by April 2007, and that they did not file this suit until December 2009, which outside the two year limitations period. Plaintiffs claim, however, that Federated's motion for summary judgment should be denied because there is a question of fact as to when Federated's suspicion of officer dishonesty became a discovered loss under the policy. (Dkt. No. 23, Pls.' Br. 1, 4.)

The phrasing of Plaintiffs' argument is confusing. The policy provides that "[y]ou may not bring any legal action against us involving loss . . . . [u]nless brought within 2 years from the date **you** 'discovered' the loss." (Commercial Crime Coverage Form § E(1)(i) (emphasis added). "You" refers to the Named Insured shown in the Declarations. (Commercial Crime Coverage Form intro., Page ID#510.) Because the policy clearly measures the two year limitations period from discovery by the insured rather than by Federated, Plaintiffs' argument there is a question of fact as to when **Federated's** suspicion of officer dishonesty became a discovered loss under the policy does not appear to suggest the existence of a "material" issue of fact.

5

However, Plaintiffs have also argued that Federated waived the limitations provision, and that Federated should not be allowed to hide behind the limitations provision because, if the facts set forth in the Plaintiffs' schedules C, D, and E (the affidavits of Plaintiff Robert L. Anderson, Jr., Douglas F. Fournier, and Grant A. Wright) are accepted as true, they establish misrepresentation and create a question of fact as to when the dishonesty loss was discovered.

Under Michigan law, a statute of limitations defense "may be waived by failure to plead it, by express agreement not to assert it, or by conduct which estops the defendant from interposing it." *Lothian v. City of Detroit*, 414 Mich. 160, 167, 324 N.W.2d 9, 13 (1982); *see also Arnold v. Farm Bureau Gen. Ins. Co.*, 483 Mich. 1126, 1127, 767 N.W.2d 438, 439 (Mich. 2009) (Kelly, J., concurring) (noting that if the insurer made statements that there was nothing more the plaintiffs needed to do to preserve their rights, and if the plaintiffs reasonably relied on those statements, the insurer may be equitably estopped from asserting a statute of limitations defense); *Walters v. Nadell*, 481 Mich. 377, 389 n.27, 751 N.W.2d 431 (2008) (quoting *Lothian* on waiver of statute of limitations defense).

The affidavits submitted by Plaintiffs tend to show that Plaintiffs were mislead by Federated agents Daniel Heintz and Jay Johnson on how to pursue their claim under the employee theft provision. According to Plaintiff Anderson, he "relied on the assurances of Heintz and Johnson that a 'loss was not discovered' until the Federated investigation was concluded as to whether suspicions became a proven loss," and that "the two year policy

provision would not be a problem until the Federated investigation was completed." Anderson Aff. ¶¶ 6, 12.)

> Heintz and Johnson lulled me into a sense of comfort that the claims were in process and that the delays were normal. Had we not been misled by Federated, we would have filed suit immediately after April 4, 2007.

(Anderson Aff. ¶ 13.) Douglas Fournier, Anderson's financial advisor, asserted in his affidavit that he was involved in several meetings with Anderson and Heintz, and that "Heintz assured Mr. Anderson that Coopersville Motors and Anderson were covered by the policy dishonesty provisions and that he would process claims as same might be confirmed pursuant to the policy requirements." (Dkt. No. 23, Sch. D, Fournier Aff. ¶ 4.)

Grant A. Wright, parts and service director for Coopersville Motors, asserted in his affidavit that "Anderson communicated with Heintz on a regular basis regarding steps he should take to protect the insurance dishonesty coverage. Heintz and Federated always asked that the proof of loss and litigation not be commenced until Federated completed its investigation. (Dkt. No. 23, Sch. E, Wright Aff. ¶ 5.) "Heintz, Johnson and Federated always took the position that 'a loss was not discovered' under the policy until the Federated investigation was concluded as to establishing dishonesty." (*Id.* at ¶ 6.) "Federated, Heintz and Johnson instructed us as to the process; and we, at all times, complied with the directions of Federated." (*Id.* at ¶ 7.) According to Wright, "Federated's Field Adjuster, Rick Majerus, stated that our claims were well within the two year period as it related to the insurance policy since the loss was considered "discovered" as of September 16, 2009 when his

interviews of Kraker and Yost were completed and he established the dishonesty." (*Id.* at ¶ 10.)

Federated contends that Plaintiffs' response does not create a material issue of fact for trial because Plaintiffs have offered no documentary evidence to support their allegations that Defendant waived the two-year contractual limitation period. However, Federated cites no authority to support its suggestion that a waiver needs to be in writing. As to the affidavits, Defendants contend that they are insufficient because they fail to cite direct instances where Heintz and Johnson assured Plaintiffs that a "loss was not discovered" until Federated concluded its investigation.

Construing the evidence and drawing all reasonable inferences in favor of Plaintiffs, the Court is satisfied that Plaintiffs' affidavits are sufficient to create a material issue of fact as to whether Federated's agents made the communications alleged by Plaintiffs and whether Federated should be estopped from asserting a statute of limitations defense based upon those communications. Accordingly, Federated's motion for summary judgment on the basis that Plaintiffs' claims are time-barred will be denied.

## IV.

In the alternative, Federated seeks summary judgment with respect to Plaintiff Anderson's claims. Federated contends that Anderson lacks standing to sue under the insurance policy because the policy was issued solely to Coopersville Motors, and Anderson is not a named insured.

8

Plaintiffs respond that Federated's agent, Daniel Heintz, encouraged Anderson to purchase the Commercial Crime Coverage endorsement in order to protect Anderson's personal investment in Coopersville Motors, and that Anderson relied on Federated to provide coverage. (Anderson Aff. ¶¶ 2-3.) Plaintiffs contend that "Federated's denial of coverage is unlawful and is causing catastrophic damages to Anderson." (Dkt. No. 23, Pls.' Br. 8.)

An action in federal court must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a)(1). "[T]he real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 43 (6th Cir. 1994). The parties agree that Michigan provides the governing substantive law in this diversity action. Under Michigan law, "a suit to enforce corporate rights or to redress or prevent injury to a corporation, whether arising from contract or tort, ordinarily must be brought in the name of the corporation, and not that of a stockholder, officer, or employee." *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 474, 666 N.W.2d 271 (2003) (citing *Mich. Nat'l Bank v. Mudgett*, 178 Mich. App. 677, 679, 444 N.W.2d 534 (1989)). An exception exists, however, when the individual can show "a violation of a duty owed directly to the individual that is independent of the corporation." *Id*. "This exception does not arise, however, merely because the acts complained of resulted in damage both to the corporation and to the individual, but is limited to cases where the wrong done amounts to a breach of duty owed to the individual personally." *Mudgett*, 178

Mich. App. at 679-80. Although Plaintiffs have provided evidence that Anderson purchased the insurance on behalf of Coopersville Motors in large part to protect his own investment, Plaintiffs' claims are not directed to the creation of the insurance contract or to the need for the commercial crime endorsement. Instead, their complaint is directed to Federated's failure to pay the claim for employee theft. Coopersville Motors is the insured on the policy. Plaintiffs have not alleged that Anderson was injured as the result of the breach of any duty owed directly to him. Rather, they are asserting injury based upon an alleged breach of a duty owed to Coopersville Motors, the insured. Coopersville Motors is the real party in interest. Plaintiffs have not alleged a personal claim by Anderson against Federated. Accordingly, Federated's motion to dismiss Anderson's claims against Federated will be granted.

An order consistent with this opinion will be entered.


Dated: <u>November 1, 2010</u>                         /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE